# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT JOHN BRIA, | ) | 1:06-cv-01334-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | TO AMEND PETITION (Doc. 30) |
| v. | ) | |
| | ) | ORDER DENYING PETITIONER'S MOTIONS |
| | ) | FOR STAY (Docs. 27 & 31) |
| BEN CURRY, Warden, | ) | |
| | ) | ORDER DENYING PETITIONER'S MOTIONS |
| Respondent. | ) | FOR RECONSIDERATION (Docs. 29 & 32) |
| | ) | |
| | | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER DENYING EXTENSION OF TIME (Doc. 26) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL HISTORY

Petitioner filed his original federal petition for writ of habeas corpus on September 25, 2006. (Doc. 1). On November 29, 2006, Petitioner filed a motion for leave to file a supplemental brief. (Doc. 6). On August 8, 2007, the Court granted the motion and ordered Petitioner to file his supplemental brief by September 12, 2007. (Doc. 8). Petitioner did not file a supplemental brief.

On January 7, 2008, the Court ordered Respondent to file an answer. (Doc. 9). On March 26, 2008, Respondent filed an answer. (Doc. 14). On June 12, 2008, Petitioner filed a traverse. (Doc. 28). Prior to filing the traverse, Petitioner filed several requests for extensions of time. (Docs. 18 & 22). The first request was granted (Doc. 21); however, the second request was denied. (Doc. 25). Petitioner then filed a motion for reconsideration on June 2, 2008 (Doc.

1

26), and then, on June 12, 2008, filed the traverse itself. Thus, briefing in the case is complete and the case is ready for a decision.

However, on June 12, 2008, Petitioner also filed a motion to stay proceedings and hold the case in abeyance in order to exhaust a claim in the state courts. (Doc. 27). Petitioner filed a second motion for stay on the same grounds on July 10, 2008. (Doc. 31). Also on July 10, 2008, Petitioner filed a motion to amend his petition and included an amended petition which adds additional information about his claims. (Doc. 31). On April 14, 2008, Petitioner filed a motion for appointment of counsel. (Doc. 17). On May 5, 2008, the Court denied Petitioner's request for appointed counsel. (Doc. 20). On June 12, 2008 and on July 10, 2008, Petitioner filed motions for reconsideration of the Court's order denying appointed counsel. (Docs. 29 & 32).

## DISCUSSION

A. Motion to Amend

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Under Rule 15(a), once a responsive pleading has been filed, petitioner must seek leave of court before being allowed to amend. Fed. R. Civ. P. 15(a); see also Anthony v. Cambra, 236 F.3d 568, 577 (9th Cir. 2000). "Although, under the rule, 'leave shall be freely given when justice so requires,' the district court may consider whether there is any evidence of 'undue delay, bad faith or dilatory motive' with respect to the filing of the amendment when determining whether leave should be granted." (Id.) In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin, 59 F.3d at 844-45 (applying Rule 15(a) in a habeas case).

Here, a responsive pleading has been filed, as well as Petitioner's traverse, and the matter is ready for a decision. Accordingly, any leave to amend must be approved by the Court.

Previously, Petitioner had sought leave to supplement his contentions and the Court had granted leave to supplement and had specified that the supplement was to be filed by September 27, 2007. Now, nine months after Petitioner's deadline for filing a supplement, he seeks to again supplement his petition.

Petitioner's motion to amend is untimely and dilatory. The case is ready for a decision. Petitioner was given an opportunity to file his supplement in 2007. He chose not to do so. Instead, he waited for almost a year before again seeking to supplement the petition. Under such circumstances, the Court finds that Petitioner's conduct is dilatory and would cause undue delay in the proceedings. Anthony v. Cambra, 236 F.3d at 577. Accordingly, the motion to supplement or amend (Doc. 30), will be denied.

### B. Motions to Stay Proceedings

Petitioner seeks a stay of proceedings to exhaust additional claims in state court. (Doc. 31). Specifically, Petitioner seeks to (1) bolster his claim on prosecutorial misconduct with additional legal authorities; (2) exhaust a claim that the trial court misconstrued California law and found true an enhancement allegation that he had never been charged with; and (3) exhaust his claim that one of his prior convictions was not a "strike."

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Id.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court

decided <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005).  Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and <u>Lundy</u>'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. <u>Rhines</u>, 544 U.S. at 275-277.  In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Id.</u> at 277. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. <u>Rhines</u>, 544 U.S. at 278

  Here, Petitioner now wishes to exhaust <u>additional</u> grounds in state court that have <u>never</u> been presented in any form in this Court and are factually and legally distinct from the claims already included in the instant petition.  To the extent that Petitioner merely wishes to supplement the contentions already timely raised in the original petition, a stay order for exhaustion since the claim itself is already exhausted.  Moreover, the Court has the relevant state court record before it and will independently research and consider all facets of Petitioner's contentions.

  However, to the extent that Petitioner intends to exhaust and then raise new claims not previously raised in the pending petition, any new claims would be time-barred.

  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 326 (1997).  The instant petition was filed on November 25, 2006; thus, it is subject to the AEDPA.

///

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted in the Stanislaus County Superior Court on November 29, 2002. (Doc. 1). His direct state appeal concluded when the California Supreme Court denied his Petition for Review on July 16, 2003. (Id. at p. 2). The one-year limitation period under the AEDPA would therefore have begun on October 15, 2003, the day after the ninety day period for seeking review in the United States Supreme Court had ended, Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998), and would have expired one year later, on October 15, 2004, absent statutory tolling. While there appears to be sufficient statutory tolling to make the original petition timely under the AEDPA, the Court notes that almost two years have passed since the filing of the petition. Since the limitations period is not tolled for the time a federal habeas corpus application is pending in federal court, Duncan v. Walker, 533 U.S. 167, 181-182 (2001), it is patent that, regardless of the amount of statutory tolling to which Petitioner may be entitled prior to filing the instant petition, the limitation period has now expired.

Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  The rule applies in habeas corpus proceedings.  Mayle v. Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000).   In Mayle, the United States Supreme Court held that relation back is in order if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts."  Mayle, 545 U.S. at 664.  Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth.  Id. at 650.   The Mayle court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction.  Id. at 656-657.  Thus, relation back is "ordinarily allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory.'"  Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001)(quoting 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], pp. 15-82 (3d  ed. 2004)).

Therefore, when a petitioner seeks a stay of proceedings to exhaust unexhausted claims *already contained* in a timely federal petition, the relation back doctrine will not create a statute of limitation problem for the petitioner since the exhausted claim will, by definition, be identical to the claim already raised in the existing petition.  However, where, as here, a petitioner seeks to exhaust *completely new claims* and then amend those new claims into an existing federal petition, unless the new claims relate back to the claims already contained in the existing federal petition, the relation back doctrine may well preclude those claims as being untimely if more than one year has elapsed between the commencement of the limitation period and the point at which the petitioner amends his federal petition to include the newly-exhausted claims.

Here, from a comparison of the claims in the original petition and the claims which Petitioner now seeks to exhaust, it appears that the claims Petitioner seeks to exhaust are new claims that do not arise from the same "operative facts" as those in the existing petition and differ from them in both time and type.  Thus, the new claims Petitioner seeks to exhaust do not

6

1  "relate back" to the original claims and, since, as mentioned, the one-year limitation period has
2  already expired, the new claims would be barred under the AEDPA.  Given this clear procedural
3  bar to the prospective claims, the Court finds that the claims would not have merit.
4  　　　　Moreover, Petitioner's failure to raise these claims at a point in time that would have
5  allowed him to exhaust them while still remaining within the AEDPA's one-year limitation
6  period, creates, at the very least, an inference of dilatory conduct.  It is undisputed that Petitioner
7  waited from the filing of the petition on September 25, 2006  until the filing of the first motion
8  for stay on June 12, 2008, to seek to exhaust the additional claims referred to above.  Also, as
9  mentioned, Petitioner has offered no explanation for this delay.
10 　　　　Against this factual setting, Petitioner has provided insufficient grounds for the Court to
11 determine either that Petitioner is proceeding in good faith or that no prejudice would inure to the
12 parties by granting the requested stay.  Any effort by Petitioner at exhaustion, commenced at this
13 late date,  would almost certainly delay these proceedings by a factor of years, rather than simply
14 by months.  In light of the foregoing, the Court cannot conclude that Petitioner's interest in
15 obtaining federal review of the new claims outweighs the competing interests in finality and
16 speedy resolution of federal petitions.   <u>Rhines</u>, 544 U.S. at 277-278.
17 　　　　Moreover, as mentioned, Respondent has already filed his response, including
18 voluminous documents that are now lodged with the Court and that bear upon the claims already
19 included in the Petition.   As discussed above, Petitioner has provided the Court with no grounds
20 to justify requiring Respondent to file either a new or supplemental response addressing newly
21 exhausted claims.  This is especially so in light of the lengthy delay between the filing of the
22 original petition and the filing of this motion to stay.  Moreover, the Court has previously
23 afforded Petitioner an opportunity to amend and bolster his claims and he chose not to take
24 advantage of that opportunity.  Having already given Petitioner an opportunity to augment his
25 claims that he ignored, the Court is not inclined to delay these proceedings indefinitely upon
26 Petitioner's tardy request to exhaust new claims.
27 ///
28 ///

1    Because Petitioner has failed to satisfy the criteria established by the United States
2    Supreme Court in <u>Rhines</u> for granting a stay, Petitioner's motions for stay (Docs. 27 & 31),  must
3    be denied.

4        C.   <u>Motions for Reconsideration</u>.

5    Petitioner has filed two motions for reconsideration of the same order of this Court
6    denying his request for appointment of counsel.  (Docs. 26 & 32).  When filing a motion for
7    reconsideration, Local Rule 78-230(k) requires a party to set forth new or different facts or
8    circumstances claimed to exist which did not exist or were not shown upon such prior motion, or
9    what other grounds exist for the motion.  Local Rule 78-230(k)(3).

10    In the present case, the Court finds Petitioner has presented no new or different facts or
11    circumstances from those that existed at the time he made his prior requests for appointment of
12    counsel.  As noted in the prior order denying the request for appointment, there currently exists
13    no right to the appointment of counsel in habeas proceedings.  <u>See</u> e.g., <u>Anderson v. Heinze</u>, 258
14    F.2d 479, 481 (9th Cir.1958); <u>Mitchell v. Wyrick</u>, 727 F.2d 773, 774 (8th Cir. 1984).  Although
15    Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the
16    interests of justice so require," <u>See</u>, Rule 8(c), Rules Governing Section 2254 Cases, the Court
17    has determined that the interests of justice do not require the assistance of counsel at this stage in
18    the proceedings.  Should the court find otherwise, it can sua sponte issue an Order of
19    Appointment.  At this time, however, no such appointment is warranted.

20    Petitioner asserts that he should be afforded counsel because he is "guessing" his way
21    through the habeas process and does not understand the legal issues raised in Respondent's
22    answer. (Doc. 32).  He argues that he only has a tenth grade education and that the Court has the
23    authority to provide him with counsel. (Doc. 29).   None of these factors distinguish Petitioner
24    from virtually every other pro se habeas petitioner now before this Court.  Moreover, it does not
25    appear that the legal issues in this case are so novel or complex that Petitioner cannot present
26    them *pro se.*  At present, Petitioner has shown an adequate ability to articulate his claims.
27    Plaintiff's situation is not unlike many *pro se* prisoners filing for habeas corpus relief in the
28    federal court.  At this time, Petitioner has failed to set forth circumstances justifying the

appointment of counsel.

D. <u>Motion For Reconsideration Of Denial Of Extension of Time</u>.

Petitioner filed a motion for reconsideration of the Court's denial of his second request for an extension of time to file a traverse.  Subsequently, however, Petitioner filed a traverse within the proper time period and the document is now part of the Court's file in this case.  Since Petitioner did not require the extension of time that was denied to him by the Court, his motion for reconsideration of that denial (Doc. 26), is now moot.

<u>ORDER</u>

Accordingly, it is HEREBY ORDERS as follows:

1. Petitioner's motion to amend the petition (Doc. 30), is DENIED;
2. Petitioner's motions for stay of proceedings (Docs. 27 & 31), are DENIED;
3. Petitioner's motions for reconsideration (Docs.29 & 32), are DENIED; and
4. Petitioner's motion for reconsideration of the denial of his request for an extension of time to file a traverse (Doc. 26), is DENIED as MOOT.

IT IS SO ORDERED.

Dated:  **July 25, 2008**              /s/ **Theresa A. Goldner**
                                        UNITED STATES MAGISTRATE JUDGE