1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

**ROBERT JOHN BRIA,**

                                        **Petitioner,**

        **vs.**

**BEN CURRY, Warden,**

                                        **Respondent.**

CASE NO. 06-CV-1334-IEG (LSP)

**ORDER DENYING 28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR LEAVE TO FILE AMENDED PETITION**

Petitioner Robert John Bria ("Bria"), a state prisoner proceeding *pro se* and *in forma pauperis*, seeks a 28 U.S.C. § 2254 writ of habeas corpus.  Bria is serving a sentence of twenty-six years to life following his 1998 conviction by a jury for felony methamphetamine possession, with strike priors of burglary and assault with a deadly weapon.  (Pet. p. 2.)  He asks the Court to set aside his sentence imposed following an August 2000 remand from the Court of Appeal and a February 2001 retrial establishing his 1979 assault   conviction qualified as a prior serious felony for purposes of California's Three Strikes law.  He alleges four grounds for relief:  insufficient evidence supports the "personal use" of weapon component of the prior assault conviction necessary to qualify it as a serious felony; prosecutorial misconduct at the retrial; ineffective assistance of counsel at the retrial; and rejection of his motion for probation and drug treatment under provisions of California law violated his due process and equal protection rights.  Respondent filed an Answer.  (Dkt. No. 14.)  Bria filed a Traverse.  (Dkt. No. 28.)  By Order entered November 25, 2008, this matter was reassigned from

1  the bench of the United States District Court for the Eastern District of California, Fresno Division,

2  to visiting Chief District Judge Irma E. Gonzalez, United States District Court for the Southern

3  District of California.  (Dkt No. 34.)  After consideration of the parties' arguments, pertinent portions

4  of the record, and controlling legal authority, for the reasons discussed below, the Petition is

5  **DENIED**.

6  **I.      PROCEDURAL HISTORY**

7          On December 1, 1998, a jury convicted Bria of felony possession of methamphetamine (CAL.

8  HEALTH & SAFETY CODE § 11377) and misdemeanor possession of a hypodermic syringe (CAL. BUS.

9  & PROF. CODE § 4140).  The jury found he had suffered two prior convictions qualifying as serious

10  felonies under California's Three Strikes law (CAL. PENAL CODE § 667, *et seq*., "Career Criminal

11  Punishment Act") for sentence enhancement purposes (CAL. PENAL CODE § 1170.12):  a 1978

12  burglary and a 1979 assault with a deadly weapon.  The jury also found he had served a prison term

13  for a prior offense (petty theft with a prior) within the meaning of CAL. PENAL CODE § 667.5(b).

14  (Lodg. 24, Clerk's Transcript ("CT") 152.)  The court denied Bria's motion to vacate one of the prior

15  strike findings under CAL. PENAL CODE § 1385 and <u>People v. Superior Court (Romero)</u>, 13 Cal.4th

16  497, 504 (1996) ("in cases charged under [the Three Strikes] law, a court may exercise the power to

17  dismiss granted in section 1385, either on the court's own motion or on that of the prosecuting

18  attorney, subject, however, to strict compliance with the provisions of section 1385 and to review for

19  abuse of discretion").  He received a third-strike sentence of 25-years-to-life on the felony drug

20  possession count, plus a one-year enhancement for the prior prison term, and a concurrent six-month

21  sentence on the misdemeanor count. (Lodg. 24, CT 152.)

22          Bria appealed his sentence.  In its August 23, 2000 unpublished opinion, the Court of Appeal

23  rejected his equal protection and substantive due process challenges to the Three Strikes statute,

24  observing (as Bria had acknowledged) "the same or similar claims have already been considered and

25  rejected by this and other courts."  (Lodg. 24, CT 154 (citations omitted).)  However, the Court of

26  Appeal found merit in Bria's contention the prosecutor had presented insufficient evidence "to support

27  the jury's finding his 1979 conviction for assault with a deadly weapon constituted a serious felony

28  under section 1192.7, subdivision (c), and thus a 'strike' under the three strikes law (§§ 667, subd.

1   (d)(1), 1170.12, subd. (b)(1))," noting the "People concede the point."  (Lodg. 24, CT 152.)

2           In support of the strike allegation, the prosecution submitted
3       only an abstract of judgment showing that Bria was convicted in 1979
        of assault with a deadly weapon in violation of former section 245,
        subdivision (a) (now subdivision (a)(1) . . . ).  That section prohibits the
4       commission of an assault upon the person of another "with a deadly
        weapon or instrument other than a firearm or by any means of force
5       likely to produce great bodily injury . . . ."

6   (Lodg. 24, CT 152-153.)

7           The Court of Appeal reviewed subdivisions of the "serious felony" statute (CAL. PENAL CODE

8   §§ 1192.7(c)(8) and (c)(23)), to observe it is "possible to violate section 245(a)(1) in two ways that

9   do not make the offense a serious felony:  first, by aiding and abetting the assault without *personally*

10  inflicting great bodily harm or using a firearm or, second, by using force 'likely' to produce great

11  bodily harm without, however, *actually* causing great bodily harm or using a deadly weapon."  (Lodg.

12  24, CT 153), *citing* People v. Rodriguez, 17 Cal.4th 253, 261 (1998).)  "Therefore, absent proof Bria

13  personally inflicted great bodily injury or personally used a deadly or dangerous weapon in the

14  commission of the assault, proof of his prior section 245([a])(1) conviction, standing alone, is not

15  enough to support the jury's finding the offense was a serious felony, and the jury's finding must be

16  reversed."  (Lodg. 24, CT 153.)  In remanding for retrial of the serious felony characterization issue,

17  the Court of Appeal rejected any double jeopardy objection to revisiting the 1979 conviction for that

18  narrow purpose, citing People v. Monge, 16 Cal.4th 826, 845 (1997) (holding in a noncapital case "the

19  state and federal prohibitions against double jeopardy do not apply" to "a proceeding to determine the

20  truth of a prior conviction allegation"), *aff'd* Monge v. California, 524 U.S. 721 (1998).

21          Therefore, the matter will be remanded for a determination whether
        Bria's 1979 conviction for assault with a deadly weapon was a serious
22      felony.  **Our conclusion that the abstract of judgment is insufficient
        in that regard is law of this case.  Thus, it will be necessary for the
23      prosecution to present additional evidence to obtain a different
        result.**  We do not decide what limitations, if any, might apply to this
24      additional evidence.. . . . [¶] The judgment of conviction and the jury's
        findings with respect to Bria's 1978 burglary conviction and the section
25      667.5, subdivision (b) prior prison term enhancement allegation are
        affirmed.  **The jury's finding that Bria's 1979 conviction for assault
26      with a deadly weapon constituted a serious felony is reversed.  The
        sentence is vacated and the matter is remanded for further**

27

28

06cv1334

1    **proceedings, including resentencing.**[1]

2  (Lodg. 24, CT 153 (emphasis added); CT 155 (emphasis added).)

3          On February 13, 2001, a jury was empaneled to retry the prior serious felony conviction issue.

4  (Lodg. 24, CT 169.) The court stated its reasons for finding *sua sponte* Bria was the defendant named

5  in the 1979 assault charge (*see* Lodg. 22, Reporter's Transcript ("RT") 114-115), and that identity issue

6  was not submitted to the jury.[2] The jury received instructions defining the elements and standards to

7  apply in making its determination, and there appears to have been no challenge to the accuracy or

8  adequacy of the jury instructions as given.[3] On February 20, 2001, the jury found true the allegation

9  that Bria had violated CAL. PENAL CODE § 245(a)(1), assault with a deadly weapon, and found he

10

11

12
13   [1] The Court of Appeal also agreed with Bria the Minute Order memorializing his sentence was ambiguous, but the question became "academic" with the order to retry and resentence. (Lodg. 24, CT 154.)

14   [2] The jury was instructed: "The court has determined that **the defendant is the person named** in
15  certain documents relating to the proof of the prior conviction. In making the finding of identity the court does not determine whether defendant was convicted of any particular offense. **It is now for the jury to determine**
16  **if the prosecution has submitted sufficient evidence to prove** that the named defendant did in fact suffer the prior conviction as alleged, **including any factual findings as set forth in the form of verdicts** you will receive." (Lodg. 24, CT 184 (emphasis added).) "The defendant . . . is accused of having a previous conviction
17  of a certain felony, **namely a violation of California Penal Code Section 245(a)(1), assault with a deadly**
18  **weapon**. [¶] You must determine the truth of this allegation. [¶] The People have the burden of proving the truth of this allegation. If you have a reasonable doubt as to whether such alleged prior conviction is true, you must find the allegation to be not true. [¶] You are instructed that the defendant is the person whose name
19  appears on the documents admitted to establish the conviction." (Lodg. 24, CT 182 (emphasis added).)

20   [3] Court's Instruction No. 2 provided: " 'A deadly or dangerous weapon' means any weapon, instrument or object that is capable of being used to inflict great bodily injury or death. [¶] **The term 'personally used**
21  **a deadly or dangerous weapon' . . . means the defendant must have intentionally displayed a weapon in**
**a menacing manner or intentionally fired it or intentionally struck or hit a human being with it.**" (Lodg.
22  24, CT 183 (emphasis added.) The jury was further instructed, in pertinent part: "each fact which is essential to complete a set of circumstances necessary to establish the truth of the allegation must be proved beyond a
23  reasonable doubt" (Lodg. 24, CT 180:10-11); "before an inference essential to establish the truth of the allegation may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which
24  the inference necessarily rests must be proved beyond a reasonable doubt" (Id., CT 180:12-14); **not to treat**
**statements made by the attorneys during trial as evidence** (Id., CT 176:18-19 (emphasis added)); "[illegible]
25  the truth of the allegation of [illegible] for assault with a deadly weapon and the finding of whether or not the defendant did or did not use a deadly or dangerous weapon in the crime alleged as a prior conviction must be
26  proved beyond a reasonable doubt [defined]" (Id., CT 181, interlineations above line 1 to line 9); "The untruth of the prior conviction is presumed, unless the contrary is proved and in case of a reasonable doubt whether the
27  truth of the allegation is satisfactorily shown, the defendant is entitled to a verdict of not true," and "[t]his presumption places upon the People the burden of proving the truth of the allegation beyond a reasonable
28  doubt" (Id., CT 181, interliniations below line 9).

1   personally used a deadly or dangerous weapon in committing the assault.[4] (Lodg. 24, CT 195, 196;

2   Lodg. 22, RT 100.)

3          Bria's counsel moved for a new trial (Lodg. 24, CT 202-209), a motion heard on the record on

4   September 7, 2001 (Lodg. 22, RT 109-124).  Bria contended, as pertinent here, insufficient evidence

5   was presented to support the jury's finding he "inflict[ed] great bodily injury upon the victim during

6   the crime or personally use[d] a deadly and dangerous weapon in perpetrating the prior crime." (Lodg.

7   24, CT 202, 205.)  The trial court rejected the insufficient evidence argument and denied the motion.

8   (Lodg. 24, CT 219; Lodg. 22, RT 114-116.)  The court also rejected Bria's double jeopardy challenge,

9   citing Monge, 16 Cal.4th 826 (1997).  (Lodg. 22, RT 115-116.)   The court further found defense

10  counsel did not object at trial to any prosecutorial misconduct, "and so unless it goes to . . . an issue

11  of constitutionality, due process violation, unless there's an objection, it is deemed waived. . . ."

12  (Lodg. 22, RT 116.)  The court found no support for an ineffective assistance of counsel claim.  (Id.)

13         The trial court continued sentencing to permit briefing on defendant's renewed Romero motion

14  and his motion for application of Proposition 36 probation consideration available to certain types of

15  drug offenders in California.  (Lodg. 22, RT 120-121; see Lodg. 24, CT 243 and Lodg. 22, RT 139-

16  140.)  The court heard those motions on November 15, 2001.  (Lodg. 23, Suppl. Tr., RT 9-27.)  With

17  respect to Bria's request he be sentenced in consideration of the probation and drug treatment option

18  of Proposition 36, defense counsel conceded "technically he's not Prop. 36 eligible because he has not

19  been prison free for five years." (Id., RT 23:22-24.)  Counsel nevertheless argued the Legislature had

20  set "an entirely arbitrary time limit" and urged the court to find "the five-year compliance mandated

21  by the legislature is arbitrary, capricious, unconstitutional, without basis," to find that Bria was "in

22  substantial compliance," and to "rule that . . . this defendant is amenable to Prop. 36 treatment."  (Id.,

23  RT 23:24-24:7.)  The court denied the motion, finding Bria statutorily ineligible.  (Id., RT 25:1-4.)

24         The court concluded law of the case deprived it of jurisdiction to revisit Bria's renewed motion

25  to strike his prior conviction for third-strike sentencing purposes, reasoning his Romero motion had

26

27         [4]  "We, the jury in the above entitled cause, find the allegation of a violation of Penal Code Section 245(a)(1), ASSAULT WITH A DEADLY WEAPON, on or about October 22, 1979, Santa Clara County case number 72272, TRUE. [¶] We further find that defendant did personally use a deadly or dangerous weapon during the commission of the above alleged crime." (Lodg. 24, CT 195, 196.)

28

1   been "previously denied by the then trial judge," and the Court of Appeal had remanded the matter

2   solely for retrial of the issue whether Bria's CAL. PENAL CODE § 245(a) assault conviction had

3   involved his personal use of a deadly weapon.  (Lodg. 23, Suppl. Tr., RT 11:4-12.)  The court also

4   found even if it had jurisdiction to rehear the motion, it would decline to strike either of his prior

5   convictions.  (Id., RT 14:1-19.)  While the current offense "involved a relatively small amount of

6   contraband," Bria is "being prosecuted [sic] because of the recidivist nature of the defendant's behavior

7   and because of his prior background."[5]  (Id., RT 14:19-21.) On November 29, 2001, the trial court

8   denied the motion to strike priors and pronounced judgment, again sentencing Bria to 25- years-to-life,

9   plus a one-year prior prison term enhancement on the drug conviction, with a concurrent six-month

10  term for syringe possession.  (Lodg. 24, CT 258-60; Lodg. 22, RT 140-142.)

11      Bria then embarked on a procedural odyssey where he sought direct and collateral relief on

12  various grounds in the state reviewing courts, retraced below as pertinent to the claims in his

13  September 25, 2006 federal habeas petition ("Petition").[6]  The Petition alleges four grounds for relief,

14  all associated with proceedings affecting the retrial on remand:  (1) insufficient evidence to support

15  the "personal use" of weapon component of his 1979 assault with a deadly weapon offense to qualify

16  that conviction as a serious felony strike; (2) prosecutorial misconduct during closing argument; (3)

17  ineffective assistance of counsel for alleged failure to obtain the 1979 trial transcript to disprove the

18  prosecutor's contention the conviction qualifies as a strike offense, failure to file a Motion To Suppress

19  the prosecution's evidence, failure to "adequately" argue the prosecution did not comply with the

20  remand Order regarding the required evidentiary showing, failure to object to the prosecutor's

21  _____

22  [5]  Defense counsel also unsuccessfully argued the priors should be struck on the basis of due process violations and double jeopardy grounds. (Lodg. 23, Suppl. Tr., RT 16:12-16). Counsel also raised a cruel and
23  unusual punishment argument in consideration of a Ninth Circuit ruling addressing sentencing disproportionality published just days before the hearing.  (Id., RT 18:7-19:23.)  The court continued
24  pronouncement of judgment to permit consideration of that authority.  (Id., RT 20:25-21:25.) The cited case ultimately went to the United States Supreme Court, decided nearly two years later as Lockyer v. Andrade, 538
25  U.S. 63 (2003) (holding a California state prisoner's sentence to two consecutive terms of 25 year to life for a "third strike" conviction of two counts of petty theft was not contrary to nor an unreasonable application of
26  clearly established gross disproportionality principles from its precedents).

27  [6]  Bria had filed an earlier federal habeas petition as Eastern District Case No. 05cv0199 on January 31, 2005. It was transferred on February 25, 2005 to the Fresno Division and assigned Case. No.
28  05cv0376.  That petition was dismissed through a grant of Bria's withdrawal request in response to Respondent's Motion To Dismiss for failure to exhaust state court remedies. (See Lodg. 20, Exh. B.)

inappropriate closing arguments, and for advising him not testify; and (4) the renewed <u>Romero</u> / Cal.
Penal Code § 1385 Motion and Proposition 36 probation eligibility denials violated due process and
equal protection.  There is no dispute Bria's claims are exhausted.[7]  28 U.S.C. § 2244(d)(1).

## II.    DISCUSSION

### A.    Legal Standards

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person
in custody pursuant to the judgment of a State court only on the ground he is in custody in violation
of the Constitution or laws or treaties of the United States."  28 U.S.C.A. § 2254(a) (2006).  Only
errors of federal law can support federal intervention in state court proceedings.  <u>Oxborrow v.
Eikenberry</u>, 877 F.2d 1395, 1400 (9th Cir. 1989).  Relief is contingent on a determination
constitutional error occurred and that error "had [a] substantial and injurious effect or influence in
determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993) (citation and internal
quotation omitted).  Federal habeas courts are bound by states' interpretations of their own laws.
<u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991); <u>Himes v. Thompson</u>, 336 F.3d 848, 852 (9th Cir. 2003).

Federal habeas petitions filed after April 24, 1996 are governed by the Antiterrorism and
Effective Death Penalty Act of 1996 ("AEDPA").  28 U.S. C. § 2244(d)(1).  AEDPA establishes a
"highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions
be given the benefit of the doubt."  <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002).  Federal habeas

---

[7]    Although neither side refers to the AEDPA one-year statute of limitations, the Court has made a
rough independent calculation of the intervals when Bria appears to have had no action pending in the state
courts between the May 5, 2003 conclusion of direct review of his November 29, 2001 conviction and
sentencing and the filing of this federal Petition on September 25, 2006 for statutory tolling purposes.  "The
time during which a properly filed application for State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be counted toward" the "1-year period of limitation"
applicable "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a
State court." 28 U.S.C. § 2244 (d)(1), (2).  It does not appear that he had any state court proceeding pending
between the July 16, 2003 denial of his Petition For Review by the California Supreme Court and the March 15,
2004 filing of his habeas petition in that court as Case No. 123305, a period of over 240 days.  (Lodgs. 9, 10.)
That petition remained pending until it was denied on January 19, 2005. (Lodg. 11.)  Counting the additional
intervals between his multiple other state filings during which he had no state action pending, the Lodgments
chronology suggests this federal Petition may be untimely by a matter of weeks.  However, untimeliness is not
a jurisdictional bar to federal habeas review.  *See* <u>Day v. McDonough</u>, 547  U.S. 198 (2006) (a district court
is permitted, but not obligated, to consider *sua sponte* the timeliness of a petition, and a state can waive a
limitations defense).  Respondent did not raise the issue, and Bria did not sit on his rights, pursuing no fewer
than six petitions for collateral relief in the state courts between March 2004 and August 2006.

1    relief is available only if the result of a claim adjudicated on the merits by a state court "was contrary

2    to, or involved an unreasonable application of clearly established Federal law, as determined by the

3    Supreme Court of the United States," or "was based on an unreasonable determination of the facts in

4    light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see* Bell v. Cone,

5    535 U.S. 685, 694 (2002).  Federal courts must presume the correctness of a state court's factual

6    determinations unless the petitioner "rebut[s] the presumption of correctness by clear and convincing

7    evidence."  28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (a state court's

8    merits adjudication "based on a factual determination will not be overturned on factual grounds unless

9    objectively unreasonable in light of the evidence presented in the state court proceeding").

10       " '[C]learly established Federal law . . . refers to the holdings, as opposed to the dicta, of this

11   Court's decisions as of the time of the relevant state-court decision.' "  Carey v. Musladin, 549 U.S.

12   70, 74 (2006), *quoting* Williams v. Taylor, 529 U.S. 362, 412 (2000); *see also* Lockyer v. Andrade,

13   538 U.S. 63, 71-72 (2003).  For 28 U.S.C. § 2254(d)(1) "contrary to" or "unreasonable application"

14   analysis, clearly established federal law includes "the governing legal principle or principles set forth

15   by the Supreme Court."  Andrade, 538 U.S. at 64-65, 76; *see also* Bradley v. Duncan, 315 F.3d 1091,

16   1101 (9th Cir. 2002) (relevant Supreme Court precedents "include not only bright-line rules but also

17   the legal principles and standards flowing from such precedent") (citations omitted).  A state court's

18   decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts

19   governing Supreme Court authority, or (2) it "confronts a set of facts that are materially

20   indistinguishable from" a Supreme Court decision but reaches a different result.  Early v. Packer, 537

21   U.S. 3, 8 (2002), *quoting* Williams, 529 U.S. at 405-06; *see* Lambert v. Blodgett, 393 F.3d 943. 974

22   (9th Cir. 2004) (same); Bell, 535 U.S. at 694 (distinguishing the "contrary to" and the "unreasonable

23   application" clauses).  To be found "unreasonable," the application "must have been more than

24   incorrect or erroneous;" it "must have been 'objectively unreasonable.' "  Wiggins v. Smith, 539 U.S.

25   510, 520-21 (2003) (citation omitted); *see also* Middleton v. McNeil, 541 U.S. 433, 436 (2004) (*per*

26   *curiam*).

27       A federal habeas court applying those standards looks to the last reasoned state court decision.

28

Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008).  "[L]ater unexplained orders upholding the judgment or rejecting the same claim" are deemed to "rest upon the same ground."  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (when there is no reasoned decision from the state's highest court, the federal court "looks through" to the rationale of the underlying decision).  A denial by the state's highest court "without comment or citation constitute[s] a decision on the merits of the federal claims," and "thus such claims [are] subject to review in federal habeas proceedings."  Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992).

**B.**   **Sufficient Evidence Supports The Finding Bria's 1979 Assault Offense Qualifies As A Prior Strike Conviction**

Bria argues as Petition Ground One insufficient evidence supports a true finding on the allegation his CAL. PENAL CODE § 245(a)(1) assault with a deadly weapon conviction qualifies as a serious felony.  (Pet. at 5.)  He contends he "was only charged with P.C. § 417(a), brandishing a weapon," in the 1979 case, and was "found guilty as charged" on that misdemeanor weapon count but was "never was charged with the allegation of use of a weapon" in the felony count.  (Traverse 16:11-18.)  He characterizes the Abstract of Judgment reading "Count 1 P.C. § 245(a) assault with a deadly weapon," as merely an "allegation," not evidence.  (Traverse 16:18-22.)  He argues the additional evidence presented at his retrial "was not fact" (Traverse 6:21-28), and the jury's "True" finding "was from false allegation made by the District Attorney."  (Traverse 16:18-22.)

The 2001 jury retrying the prior strike issue Bria had personally used a weapon in the commission of the 1979 assault, making it a serious felony for Three Strikes purposes.  He appealed that result, arguing the prosecution "failed to go beyond the bare abstract of judgment in order to comply with the Rodriguez [17 Cal.4th 253] holding."  (Lodg. 1 at 35; *see* Lodg. 3 at 6.)   In its May 5, 2003 unpublished opinion affirming the result, the Court of Appeal summarized:

> Appellant Robert John Bria was convicted of possession of a controlled substance (methamphetamine) and possession of a hypodermic syringe.  The jury also found that Bria had suffered two prior serious felony convictions, a 1978 conviction for burglary and a 1979 conviction for assault with a deadly weapon, and that he had served a prior prison term within the meaning of Penal Code[] section 667.5, subdivision (b).  The trial court denied Bria's motion to vacate one of his prior strikes.  (§ 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)  Bria was sentenced to a term of 25-years-to-

06cv1334

life, plus a one-year prison term enhancement on the first count, and to a concurrent term of six months on the second count.

After appeal (No. F032796), this court affirmed the convictions but determined the jury's finding that Bria's 1979 conviction for assault with a deadly weapon constituted a serious felony that [*sic*] was not supported by evidence of personal use. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261.)  The sentence was ordered vacated and the matter remanded for further proceedings, including resentencing.[8]

On retrial of the prior strike allegations, the jury found that Bria had personally used a weapon in the commission of the 1979 assault. The trial court again denied Bria's motion to strike one or both of his prior serious felonies and sentenced Bria to an indeterminate 25-years-to-life term, plus a one-year prior prison term enhancement, with a concurrent six-month term for possession of the syringe.

(Lodg. 4 at 1-2.)

The record reveals the prosecution corrected the evidentiary defect in the first proceeding when the matter was retried by introducing more than merely the Abstract of Judgment.  The additional evidence included, among other things, the charging documents and the transcript of Bria's 1979 sentencing.  (Lodg. 4 at 3.)   Under California law, a trier of fact may look to " 'the entire record of the conviction,' " but  "no further," in determining whether a prior conviction qualifies as a "strike."  People v. Woodell, 17 Cal. 4th 448, 452 (Cal. 1998), *citing* Guerrero, 44 Cal. 3d at 355 (precluding the prosecution from calling live witnesses to the criminal acts in the prior case).  "The people may not litigate the facts behind the record."  People v. Reed, 13 Cal.4th 217, 226 (1996).  Transcripts of prior proceedings are part of the record of conviction.[9]  Id., 13 Cal.4th at 223.  The Court of Appeal

---

[8]   The Court of Appeal explained: "After the passage of Proposition 21 (Cal.Const., art. II, § 8, subd. (d), eff. March 8, 2000), the definition of a serious felony under California's Three Strikes law no longer requires personal use when the prior conviction is for assault with a deadly weapon or firearm.  (§ 1192.7, subd.(c)(31).).  Whether a prior offense constitutes a strike is now based on the crime's status as a strike when the current offense was committed.  (*People v. Alvarez* (2001) 100 Cal.App.4th 1170,. 1179.)" (Lodg. 4 at 2, n.2.)  Bria's "current offense," the drug possession, occurred in 1998, predating that change in California law.

[9]   In its May 5, 2003 opinion, the Court of Appeal discussed the record of conviction. "The record of conviction therefore establishes that Bria personally used a weapon in committing the 1979 assault. (See former § 1192.7, subd.(c)(23) [crime qualifies as serious felony if defendant personally used a dangerous or deadly weapon]; *People v. Rodriguez, supra*, 17 Cal.4th at pp. 261-262 [to qualify as serious felony under former statutory language, must be [*sic*] proof of personal use so as to disprove possibility that defendant was found guilty under an aiding and abetting theory]; *People v. Guerrero* (1988) 44 Cal.3d 343, 355 [in determining whether conviction qualifies as a prior serious felony conviction, the trier of fact may look to the entire record of the conviction, but no further]; *People v. Woodell* (1998) 17 Cal.4th 448, 454 [same]; *People v. Reed* (1996) 13 Cal.4th 217, 223 [transcripts of prior proceedings are part of record on appeal and thus part of record of conviction].)"  (Lodg. 4, p. 3.)

06cv1334

1  found:

> There is sufficient record evidence to support the finding that Bria
> personally used a knife in committing the 1979 assault with a deadly
> weapon and therefore that the crime was a qualifying prior serious
> felony under former section 1192.7, subdivision (c). [¶] The 1979
> **information and complaint** both charged that Bria "did draw and
> exhibit a deadly weapon, to wit: a knife, in the presence of another
> person, in a rude, angry and threatening manner." The 1979 **abstract
> of judgment** stated that Bria had been convicted of the offense *as
> charged*. The trial court at **the sentencing hearing stated** that
> "because **the crime involved great bodily harm and *the defendant
> was armed and used a weapon***" (emphasis added), Bria's application
> for probation would be denied. This finding by the sentencing court
> was the basis for imposition of the particular sentence imposed on Bria.
> **The record of conviction therefore establishes that Bria personally
> used a weapon in committing the 1979 assault**.

(Lodg. 4 at 2-3 (bold emphasis added).)

Proceeding *pro se*, Bria sought rehearing, arguing material error of fact or law because the 1979 record purportedly did not include a finding of "use" of a deadly weapon and did not include a finding of great bodily injury (Lodg. 5), even though the component parts of the 1979 record substantiate he was the only named defendant tried on the assault with a deadly weapon charge and despite the sentencing (and fact-finder) court's express statements he had used a deadly weapon and had inflicted great bodily injury during the assault as the basis for his conviction. (Lodg. 4 at 3.) On May 23, 2003, the Court of Appeal denied rehearing. (Lodg. 6.) On June 8 and 13, 2003, Bria filed a petition for review and a "follow up" petition in the California Supreme Court. (Lodgs. 7, 8.) He again argued his constitutional rights were violated because purportedly the prosecution "failed to produce any new evidence" at the retrial, and its additional documentary evidence was inadmissible hearsay.[10] (Lodg. 8 at 4.) The petition was summarily denied on July 16, 2003, without discussion

---

[10]  Bria also argued in reliance on state law the prosecution impermissibly amended the information to include CAL. PEN. CODE § 1192.7(c)(23), when that subdivision "did not exist in 1998 nor in 1979." CAL. PENAL CODE § 667(d)(1) defines a "prior conviction of a felony" as, *inter alia*, "any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." CAL. PENAL CODE § 1192.7 (c) provides "[a]s used in this section, 'serious felony' means any of the following: . . .(23) any felony in which the defendant personally used a dangerous or deadly weapon [.]" When Bria received his third strike sentence in December 1998, a prior conviction for assault with a deadly weapon only qualified as a "strike" if the People proved the defendant personally used the weapon. Rodriguez, 17 Cal. 4th at 261; *see* People v. Guerrero, 44 Cal.3d 343, 345, 355 (1988) ("the trier of fact may look to the entire record of conviction" in "determining the truth of a prior-conviction allegation"). This Court defers to state court determinations of state law issues. Estelle, 502 U.S. at 68.

06cv1334

or citation to authority.  (Lodg. 9.)  Bria again argued insufficiency of evidence to the California

Supreme Court in a December 12, 2005 habeas petition.  (Lodg. 20.)  The California Supreme Court

again summarily denied relief on August 30, 2006, but cited <u>In re. Clark</u>, 5 Cal.4th 750 (1993), <u>In re</u>

<u>Waltreus</u>, 62 Cal.2d 218 (1965), and <u>In re Dixon</u>, 41 Cal.2d 756 (1953).  (Lodg. 21.)

Federal habeas courts review sufficiency of evidence challenges under the standard of <u>Jackson</u>

<u>v. Virginia</u>, 443 U.S. 307 (1979).  <u>Juan H. v. Allen</u>, 408 F.3d 1262, 1274 (9th Cir. 2005) ("A petitioner

for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the

evidence used to obtain a state court conviction on federal due process grounds"), *citing* <u>Jackson</u>, 443

U.S. at 319.   Evidence is sufficient as long as any rational trier of fact could have been persuaded of

the defendant's guilt, finding the essential elements of the crime beyond a reasonable doubt, drawing

all reasonable inferences from the evidence which support the jury's verdict and viewing the result in

the light most favorable to the judgment.  <u>Jackson</u>, 443 U.S. at 319; *see* <u>Lewis v. Jeffers</u>, 497 U.S. 764,

781 (1990) (same).   The elements of the offense are drawn from state law.   <u>Jackson</u>, 443 U.S. at, 318,

324 n.16 (the "critical inquiry" is "whether the record could reasonably support a finding of guilt

beyond a reasonable doubt" applied "with explicit reference to the substantive elements of the criminal

offense" as defined by state law).  California applies the federal due process standard for sufficiency

of evidence.   <u>People v. Johnson</u>, 26 Cal.3d 557, 575-78 (1980), *citing* <u>Jackson</u>, 443 U.S. 307.

Respondent argues federal habeas relief is foreclosed on this claim because the state courts did not

unreasonable apply <u>Jackson</u>.  *See* <u>Juan H.</u>, 408 F.3d at 1274, 1275 n.13.  The Court agrees.

Under Cal. Evid. Code § 1291(a), transcripts of prior proceedings containing hearsay are not

on that basis rendered inadmissible to prove prior convictions because the prosecution is prohibited

from relitigating "the facts behind the record:"  the "witnesses' *live* testimony was thus unavailable as

a matter of law."  <u>Reed</u>, 13 Cal.4th at 226; <u>Guerrero</u>, 44 Cal. 3d at 355.  Bria cites no United States

Supreme Court authority holding "unavailability" under the federal Constitution "is any different in

kind or degree than that required under" that state code section, as the <u>Reed</u> court observed .  <u>Reed</u>,

13 Cal.4th at 228.)  Contrary to Bria's representation, the 2001 retrial evidence was not limited to the

Abstract of Judgment the Court of Appeal had previously found insufficient, standing alone, to support

1    the personal use of weapon finding.   He contended:  "The only evidence presented was People's

2    exhibit 2," which the prosecutor used "to give the jury a lecture on criminal procedure and how to

3    interpret court documents," purportedly offering the jury "countless facts . . . which were not

4    supported by evidence or by instruction." (Lodg. 24, CT 206.)  The prosecutor explained to the jury

5    the nature of the several certified documents associated with the 1979 prosecution comprising Exhibit

6    No. 2.[11]  (*See* Lodg. 22, RT 66-67; Lodg. 25, Suppl. CT 70.)  The May 3, 1979 Complaint, from which

7    the May 29, 1979 Information devolved, had named both Bria and a co-defendant (Lodg. 25, Suppl.

8    CT 37) alleging the same two counts as the Information on which Bria alone was named and tried, but

9    even in the initial Complaint, the weapon charge was alleged only against Bria.  (Id.)  At his 1979

10   sentencing (Lodg. 25, Suppl. CT, RT 17-25), the court reviewed on the record the trial evidence and

11   provided the factual support for its findings "the crime involved great bodily harm and the defendant

12   was armed and used a weapon."[12]  (Lodg. 25, Suppl. CT, RT 21:3-7; *see* Lodg. 22, RT 77-78.)

13        The Court finds sufficient reliable and admissible evidence from the 1979 "record of

14   conviction" was before the jury on remand for any reasonable factfinder to determine Bria personally

15   used a knife in committing the 1979 assault, qualifying that prior conviction as a serious felony

16

---

17        [11]   *See* Lodg. 22, RT 73-79.  The prosecutor discussed the 1979 court records in Exhibit 2:  the
     Information naming only Bria and listing two counts, a "violation of Section 245," the charge "we're here to
18   find out," alleging an assault "with a deadly weapon or an instrument, to wit, a knife," and a misdemeanor
     charge under CAL. PEN. CODE § 417 for brandishing a knife (Id., RT 75-76); a Minute Order memorializing the
19   preliminary examination where Bria "was held to answer for a 245 and a 417" and reflecting the victim was
     called as a witness and a knife was entered into evidence (Id., RT 76); "a document showing what the verdict
20   was after the court trial on October 18th, 19th, and 22nd" finding him guilty of Counts I and II. The prosecutor
     noted from the prior sentencing transcript the "underlying fact" a knife was used (Id., RT 77), the knife was in
21   evidence at the 1979 trial, and the factfinder (the court) had found "the crime in involved great bodily harm"
     and "the Defendant was armed and used a weapon."  (Id., RT 79).

22
         [12]  The sentencing transcript substantiates, among other things, the bench trial judge and the sentencing
23   judge were the same.  *See also* Lodg. 25, Suppl. CT 33 (court Minutes reflecting the two charges ("Count I:
     PC § 245(a) (Assault With Deadly Weapon)," and "Count 2:  PC § 417(a) (Misd.)"), noting the proceedings
24   as a court trial on October 18, 19 and 22, 1979, the court's finding Bria guilty of both counts on October 22,
     1979, and his admission of the two concurrently  charged.) At sentencing, defense counsel had signaled:  "You
25   are in a position to recall and evaluate the evidence that was brought in by the People and the manner in which
     the trial was conducted and . . . the weight that could be given to the defenses that were raised. . . ." (Lodg. 25,
26   Suppl. CT, RT 19:5-9.)  Bria had testified at his 1979 trial and admitted he pulled a knife.  (Id., RT 20:15-17.)
     The court denied probation, "because I think he is statutorily ineligible and further because the crime involved
27   great bodily harm and the defendant was armed and used a weapon."  (Id., RT 21:3-7.)  Judgment was
     pronounced as "in punishment for the violation of Penal Code section 245(a), the defendant be imprisoned in
28   the state prison . . . for a term of thirty-six months . . . ."  (Id., RT 21:7-15.)

- 13 -                                                          06cv1334

1  strike.[13]  The state reviewing courts did unreasonably apply the <u>Jackson</u> standard in affirming that

2  result.  The Court accordingly **<u>DENIES</u>** Petition Ground One.

3            **C.**      **<u>The Prosecutor's Conduct Did Not Deprive Bria Of A Fair Trial</u>**

4         Bria characterizes Exhibit 2 as comprised of purportedly improper "hearsay" evidence the

5  prosecutor then "misused" during closing argument, causing the jury to find his 1979 assault

6  conviction qualified as a prior serious felony.[14]  During her closing argument, the prosecutor explained

7  procedurally how the component parts of the "record of conviction" evidence fit into the prior criminal

8  prosecution.  (Lodg 22, RT 73-76.)  Bria criticizes the prosecutor's "lecture on Criminal proced[]ure

9  and how to interpret Court documents" and the accompanying entry of purportedly "countless and

10  outside of the record material to the jury which was not supported by the evidence, nor permissible

11  through instruction."  (Pet. at 5.)  He argues that purported misconduct was unconstitutional because

12  the jury relied on those materials and arguments to find he personally used a weapon or caused great

13  bodily injury in the 1979 incident.[15]  (Lodg. 10 at 3-4.)  He had raised the claim unsuccessfully in his

14  March 15, 2004 habeas petition to the California Supreme Court, and again in his December 12, 2005

15  habeas petition to that court.  (Lodg. 10 at 3; Lodg. 11; Lodg. 20; Lodg. 21.)

16         The standard of review for alleged prosecutorial misconduct in federal habeas cases is "the

17  narrow one of due process, and not the broad exercise of supervisory power."  <u>Donnelly v.</u>

18  <u>DeChristoforo</u>, 416 U.S. 637, 643 (1974); *see* <u>Smith v. Phillips</u>, 455 U.S. 209, 219 (1982) ("[T]he

---

19          [13]  While the jury was deliberating on February 20, 2001, Bria himself addressed the court.  He argued

20  insufficient evidence was presented based on his research indicating "the only thing [the prosecutor] can use for proof of conviction was the trial transcript," and purportedly "[e]verything else was hearsay."  (Lodg. 22,

21  RT 97.)  The court explained to him "the issue before the jury is whether or not you yourself have been convicted of this prior crime, and also the jury has to determine whether or not during the commission of the

22  alleged prior crime, whether you personally used a deadly or dangerous weapon" (Lodg. 22, RT 97-98), Bria's definition of what constitutes the record is not so restrictive as he would have it.

23  

24          [14]  Bria relied on CAL. EVID. CODE § 1280 for his hearsay objection.  "Evidence of a writing made as a record of an act, condition, or event ***is not made inadmissible*** by the hearsay rule when offered in any civil

25  or criminal proceeding to prove the act, condition, or event if all of the following applies:  (a) The writing was made by and within the scope of duty of a public employee. (b) The writing was made at or near the time of

26  the act, condition, or event.  (c) The sources of information and method and time of preparation were such as to indicate its trustworthiness."  CAL. EVID. CODE § 1280 (emphasis added).

27          [15]  Bria also argues the prosecutor relied on "unsubstantiated material through jury instruction" not

28  adduced by the evidence.  (Lodg. 10 at 3-4.)  The retrial record does not disclose any particular objection to the jury charge.

          06cv1334

1  touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the

2  trial, not the culpability of the prosecutor").  The misconduct must have "so infected the trial with

3  unfairness as to make the resulting conviction a denial of due process."  <u>Darden v. Wainwright</u>, 477

4  U.S. 168, 183, 181 (1986), *quoting* <u>Donnelly</u>, 416 U.S. at 643.  "Th[is] standard allows a federal court

5  to grant relief when the state-court trial was fundamentally unfair but avoids interfering in state-court

6  proceedings when errors fall short of constitutional magnitude."  <u>Drayden v. White</u>, 232 F.3d 704, 710,

7  713 (9th Cir.2000) ("the improper admission of evidence does not violate the Due Process Clause

8  unless it is clearly prejudicial and renders the trial fundamentally unfair") (citation omitted).

9         At the 2001 rehearing, the prosecutor had two exhibits admitted into evidence.  The first was

10  Bria's "prison prior" record, comprised of sixteen pages of "*prima facie* evidence of the fact that a

11  person being tried for a crime . . . has been convicted of an act punishable by imprisonment in state

12  prison. . . ."[16]  CAL. PENAL CODE § 969b.  The second was comprised of the November 21, 1979

13  transcript from Bria's sentencing proceedings and associated charging and judgment documents from

14  that assault case, discussed above, all falling within the "the entire record" of his conviction properly

15  considered by a fact-finder under California law in determining whether a prior conviction qualifies

16  as a strike.  *See*  <u>Woodell</u>, 17 Cal. 4th at 452.

17         Respondent argues, among other things, Bria's prosecutorial misconduct claim arises from his

18  interpretation of California's Three Strikes law and the California Evidence Code, whereas federal

19  habeas corpus relief does not lie for errors of state law, and the admission of documentation from the

20  1979 assault conviction did not violate Bria's due process rights.  (Answer pp. 20-21); *see* <u>Lewis</u>, 497

21  U.S. at 780; <u>Estelle</u>, 502 U.S. at 67-68.  The state courts determined the prosecution evidence was

22  properly admitted, a state law result this Court will not revisit.  <u>Estelle</u>, 502 U.S. at 67-68.  The

23  propriety, even necessity, of introducing the additional evidence from the 1979 prosecution for

24  purposes of retrying the serious felony characterization of that crime flows unavoidably from the

---

[16]  The Section 969b packet included: (1) a September 2, 1998 letter requesting a " '969(b)' package" on Bria; (2) a letter from the California state corrections department to the Stanislaus County district attorney certifying Bria's criminal records; (3) a November 21, 1979 Abstract of Judgment dated indicating Robert Bria was convicted of CAL. PENAL CODE § 245(a), Assault with a Deadly Weapon, on October 22, 1979; (3) a 1980 Abstract of Judgment; (4) copies of Bria's fingerprint cards dated December 6, 1979 and April 24, 1980; and (5) a mugshot of Bria dated April 24, 1980.  (Lodg. 25, Suppl. CT, pp. 1-16.)

Court of Appeal's remand instructions and the state law scope of "record of conviction" evidence, as discussed above.  Use of that evidence not only *ensured* Bria's due process rights were protected, but also presentation of that record was virtually mandated by the court's finding the prosecutor had to rely at retrial on more than the mere Abstract of Judgment.  The Court finds, in consideration of the retrial record as a whole, the prosecutor's presentation of the evidence was neither improper nor did it render Bria's retrial fundamentally unfair in violation of his due process rights.  Donnelly, 416 U.S. at 643. The result was therefore neither contrary to nor an unreasonable application of clearly established United States Supreme Court authority.  Federal habeas relief on Petition Ground Two is **DENIED.**

## D.      Relief For Alleged Ineffective Assistance Of Counsel Not Warranted

In his March 15, 2004 habeas petition to the California Supreme Court, Bria argued, as here, his counsel's ineffective assistance prejudiced him by causing the jury to find on remand the 1979 assault conviction qualified as a strike, resulting in his third-strike sentence for the drug offense. (Lodg. 10 at 4-6.)  The clearly established federal standard for adjudicating ineffective assistance of counsel ("IAC") claims was articulated in Strickland v. Washington, 466 U.S. 668 (1984).

> In Strickland, . . . we announced **a two-part test** for evaluating claims that a defendant's counsel performed so incompetently in his or her representation of a defendant that the defendant's sentence or conviction should be reversed. We reasoned that there would be a sufficient indication that counsel's assistance was defective enough to undermine confidence in a proceeding's result if the defendant proved two things: **first**, that counsel's "representation fell below an objective standard of reasonableness," . . .; and **second**, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[]."

Bell, 535 U.S. at 695 (emphasis added), *quoting* Strickland, 466 U.S. at 688, 694 (a sentence or conviction should stand without proof of both deficient performance and prejudice to the defense because it cannot otherwise be said the sentence or conviction "resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable") (citation omitted).

Courts must indulge a "strong presumption" that counsel's conduct fell within the wide range of reasonable professional assistance because of the ease with which hindsight can color the conclusion a particular act or omission of counsel was unreasonable.  Strickland, 466 U.S. at 689. Moreover:

1
2
3

> [U]under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. . . . Rather, he must show that the [state court] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner.

4   <u>Bell</u>, 535 U.S. at 698-99 (citation omitted); *see* <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007) (the

5   question "is not whether a federal court believes the state court's determination" under the controlling

6   federal standard "was incorrect but whether that determination was unreasonable – a considerably

7   higher threshold").

8         Bria satisfies neither prong of the <u>Strickland</u> test under any of his IAC theories.  He first argues

9   his counsel failed to investigate evidence favorable to the defense that "would have affected the

10   validity and/or strength" of the State's case in chief, in particular, failure to obtain the 1979 assault trial

11   transcript.  (Pet. at 6.)  He argues that evidence would disprove the prosecutor's contention he

12   personally used a deadly weapon.  (<u>Id.</u> foll. 6.)  However, it is unclear how the trial transcript deciding

13   guilt or innocence of the substantive offenses would have been admissible at a trial addressing solely

14   the characterization of the crime of conviction for subsequent criminal conduct sentencing.  He

15   demonstrates no probability the result would have been different had his counsel attempted to

16   introduce the transcript of a prior proceeding not authorized to be retried.  As discussed above, the

17   prior serious felony characterization retrial result on the use of deadly weapon issue was supported

18   by sufficiently augmented evidence.

19         Bria argues his counsel was also ineffective for failure to file a motion to suppress the

20   prosecutor's "hearsay evidence" (Pet. foll. 6), a characterization rejected above in connection with his

21   allegations of prosecutorial misconduct.  Failure to raise a futile objection does not constitute

22   objectively unreasonable representation falling below the competence standard.  *See* <u>Baumann v.</u>

23   <u>United States</u>, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does

24   not constitute ineffective assistance of counsel").  Similarly, his IAC contention his counsel should

25   have objected to the prosecutor's purportedly "inappropriate statements" during closing argument (<u>Id.</u>)

26   fails both the incompetent representation prong and the prejudice prong in that it is not reasonably

27   probable the outcome would have been different but for that omission.  <u>Strickland</u>, 466 U.S. at 668.

28

1    Finally, Bria attempts to characterize as IAC his counsel's advice he not testify to inform the

2    jury "there was a co-defendant in the original prior case, therefore, said co-defendant may have been

3    the person that caused the injury, thus creating reasonable doubt." (Pet. foll. 6.)  However, the retrial

4    was not for the purpose of retrying his guilt or innocence of his 1979 crimes.  Bria alone was named

5    in the Information pursuant to which he was convicted of both the assault with a deadly weapon and

6    brandishing a knife counts.  He cannot show any reasonable probability the outcome would have been

7    different had he testified as proffered on remand, let alone that his proffered testimony would have

8    been relevant and admissible.  The Court finds all his IAC theories are without merit, and the state

9    court results denying IAC relief were not contrary to nor an unreasonable application of <u>Strickland</u>.

10   28 U.S.C. § 2254(d).  Accordingly, Petition Ground Three is **DENIED.**

11   **E.      Denial Of Probation And Drug Treatment Options Under California Law Raises**
             **No Federal Constitutional Issue Cognizable On Habeas Review**

12

13   Bria filed a habeas petition in Stanislaus County Superior Court on May 25, 2004 alleging he

     was entitled to Proposition 36 treatment, citing <u>Moore v. Superior Court</u>, 117 Cal.App.4th 401 (2004).

14

     (Lodg. 14.)  That initiative measure, applicable to certain drug offenders, was codified effective

15
     July 1, 2001.  The section reciting entitlement criteria for the probation relief Bria seeks provides:
16

17          (a)   Notwithstanding any other provision of law, **and except as**
            **provided in subdivision (b)**, any person convicted of a nonviolent
            drug possession offense **shall receive probation**. As a condition of
18          probation the court shall require participation in and completion of an
            appropriate drug treatment program. . . .

19

20          (b)  **Subdivision (a) shall not apply to any of the following**:

21                 (1)  **Any defendant who previously has been**
                   **convicted of one or more violent or serious felonies**
22                 as defined in subdivision (c) of Section 667.5 or
                   subdivision (c) of Section 1192.7, respectively, **unless**
23                 **the nonviolent drug possession offense occurred**
                   **after a period of five years in which the defendant**
                   **remained free of both prison custody and the**
24                 **commission of an offense that results in a felony**
                   **conviction other than a nonviolent drug possession**
25                 **offense**, or a misdemeanor conviction involving
                   physical injury or the threat of physical injury to
26                 another person.

27   Cal. Penal Code §1210.1 (emphasis added).

28

- 18 -

1    In denying the claim, the Superior Court distinguished Bria's circumstances from those of the

2    Moore defendant, who was found eligible for Proposition 36 treatment. (Lodg. 15.)   In Moore, "the

3    petitioner/defendant received local jail time in lieu of prison time during the washout period," whereas

4    Bria "was sentenced to state prison on May 3, 1993," and was "in prison from May 7, 1993 until

5    February 3, 1994," disqualifying him from relief or treatment pursuant to Proposition 36. (Id.)   The

6    Moore court "held the 'washout' provision of Penal Code Section 1210.1(b)(1) commences at the time

7    of commission rather than conviction of the disqualifying prior felony," and Bria "did not remain free

8    from prison custody during the five years preceding the commission of the instant offense."[17] (Lodg.

9    15, *citing* People v. Superior Court (Martinez), 104 Cal.App.4th 692 (2002).)  Bria's habeas petitions

10   to the Court of Appeal and to the California Supreme Court on this issue were both summarily

11   denied.[18] (Lodgs. 16, 17, 18, 19.)

12        Bria alleges the state courts' resolution of this state law issue deprived him of Fifth and Sixth

13   Amendment due process and equal protection rights, but he cites no United States Supreme Court

14   authority for that proposition.   The denial of his request for probation and drug treatment under

15   Proposition 36 involves only the California courts' interpretation of state law and raises no cognizable

16   federal issue.   Even assuming error under state law, the United States Supreme Court has "stated

17   many times that 'federal habeas corpus relief does not lie for errors of state law.' "   Estelle, 502 U.S.

18   at 67, *quoting* Lewis, 497 U.S. at 780.  Accordingly, federal habeas relief on this ground is **DENIED**.

19

20   _____

21   [17]    The Opposition to Bria's renewed Romero motion charts his state prison incarcerations, substantiating the finding he was disqualified from Proposition 36 eligibility. (Lodg. 24 at CT 223.)

22   [18]  The California Supreme Court's August 10, 2005 summary denial cites to In re Dixon, 41 Cal.2d

23   756 (1953). (Lodg. 19.)  The Dixon rule generally "stands for the proposition that an inexcusable failure to bring a trial-error claim on direct appeal normally bars consideration of that claim on habeas."   Park v. California, 202 F.3d 1146, 1149 (2000); *see* Coleman v. Thompson, 501 U.S. 722, 729-30 (1999) (federal

24   habeas courts on collateral review of a state court judgment "will not review a question of federal law decided by a state court if the decision of that court rests on a [substantive or procedural] state law ground that is

25   independent of the federal question and adequate to support the judgment").   Respondent analyzes state and federal authority at length in support of his argument Bria's Ground 2 (prosecutorial misconduct) and Ground

26   4 (unconstitutional denial of probation and drug treatment under California law) are procedurally defaulted, barring federal habeas review.  (Answer pp. 14-17.)  The Court need not reach the procedural default question

27   because Bria identifies no controlling United States Supreme Court authority which would warrant relief on the latter theory, irrespective of any state law procedural default, and Respondent concedes elsewhere Bria's

28   claims were exhausted.

1    **F.      Motion To Amend Denied**

2        On April 29, 2009, while this Petition remained under review, Bria filed a Motion To Amend

3    ("Motion"). (Dkt No. 36.)  District courts have discretion to decide whether a motion to amend should

4    be granted.  <u>Woods v. Carey</u>, 525 F.3d 886, 8890 (9th Cir. 2008).  By Order entered May 20, 2009,

5    the undersigned district judge acknowledged the Motion filing, but noted Bria did not identify the new

6    ground he belatedly sought to assert nor any supporting facts.  He was granted leave to file a

7    supplemental brief with "a clear description of the new grounds he seeks to assert in his amended

8    petition, and a brief statement of supporting facts."  (Dkt No. 37, 2:2-9.)

9        On June 15, 2009, five days beyond the deadline set in the briefing Order, Bria's Supplemental

10   Brief was accepted for filing.  (Dkt No. 38.)  He reasserts the same double jeopardy violation

11   associated with the remand and retrial of the serious felony characterization of his 1979 assault with

12   a deadly weapon conviction he had previously presented in several of his state court filings.  He also

13   argues the prosecutor "made up" the use of a weapon component of the assault conviction on retrial,

14   and the prosecutor's argument ("he must of [*sic*] used the weapon") based on the charge he used a

15   weapon during the assault is not a question that should have gone to the jury.  He argues on those

16   bases he actually had only one prior strike at the time of the drug crime.  (Dkt No. 38, pp. 2-3.)

17   Respondent opposes the Motion, correctly arguing Bria presents no new facts or new claim, only a

18   new theory to attempt to bolster his insufficiency of evidence and prosecutorial misconduct claims.

19   (Dkt No. 39.)  Both those grounds for relief are rejected above.  He offers no new facts or authority

20   unavailable at the time he filed in September 2006.

21       Even were the Court to reach the Double Jeopardy Clause claim, that constitutional provision

22   is inapplicable here.  The double jeopardy prohibitions protects against successive prosecutions for

23   the same offense after acquittal or conviction and against multiple criminal punishments for the same

24   offense.  Sentence enhancements have not "been construed as additional punishment for the previous

25   offense; rather, they act to increase a sentence 'because of the manner in which [the defendant]

26   committed the crime of conviction." <u>Monge</u>, 542 U.S. at 728, *quoting* <u>United States v. Watts</u>, 519

27   U.S. 148, 154 (1997) (*per curiam*).  The Court of Appeal, in vacating Bria's drug conviction sentence

28

1   and remanding, expressly found: "State and federal double jeopardy protections do not bar retrial of

2   a prior strike allegation reversed on appeal for lack of sufficient evidence." (Lodg. 24, CT 153, *citing*

3   Monge, 16 Cal.4th 826.). Allowing a trier of fact "determining the truth of a prior-conviction

4   allegation" to "look to the entire record of the conviction" but no further "effectively bars the

5   prosecution from relitigating the circumstances of a crime committed years ago and thereby

6   threatening the defendant with harm akin to double jeopardy. . . ." Guerrero, 44 Cal.3d at 355.  In

7   affirming Monge, the United States Supreme Court clearly established the Fifth Amendment's Double

8   Jeopardy Clause "does not preclude retrial on a prior conviction allegation in the noncapital sentencing

9   context."  Monge, 524 U.S. at 734, 724; *cf*. Bullington v. Missouri, 451 U.S. 420 (1981) (a capital

10  case).

11       "[A] district court does not abuse its discretion in denying a motion to amend [a state prisoner's

12  federal habeas petition] where the movant presents no new facts but only new theories and provides

13  no satisfactory explanation for his failure to fully develop his contentions originally."  Bonin v.

14  Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Bria's "new information" in support of his Motion is

15  neither "new" nor does it raise any issue not already properly resolved by the state courts reviewing

16  his retrial and resentencing.  His proposed additional legal theory is foreclosed by controlling United

17  States Supreme Court authority.  *See* Monge, 524 U.S. at 734. "Futility of amendment can, by itself,

18  justify the denial of a motion for leave to amend . . . ."  Bonin, 59 F.3d at 845.  The Motion is

19  accordingly **DENIED**.

20  **III.    CONCLUSION**

21       For all the foregoing reasons, **IT IS HEREBY ORDERED** Bria's Motion To Amend Petition

22  is **DENIED,** and the Petition is **DENIED** in its entirety, with judgment to be entered accordingly,

23  terminating this action with prejudice.

24  **IT IS SO ORDERED**.

25  **DATED:  August 3, 2009**

26                                          *Irma E. Gonzalez*
                                            **IRMA E. GONZALEZ, Chief Judge**
27                                          **United States District Court**

28